**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| )<br>IN RE SUBPOENA *DUCES TECUM* )<br>ISSUED TO VERIZON WIRELESS )<br> )<br> ) | Case No.: 1:25-mc-130 |

**MOTION TO QUASH SUBPOENA *DUCES TECUM***
**OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Kelly Arslanian, by her undersigned counsel, pursuant to Fed. R. Civ. P. 45(d)(3) moves

to quash a subpoena dated July 9, 2025 that seeks all of her personal cell phone and text message

records for a nearly seven-year period of time (the "Subpoena"), attached hereto as **Exhibit 1**.

Ms. Arslanian moves in the alternative, pursuant to Fed. R. Civ. P. 26(c), for a protective order

preventing disclosure of the cell phone and text message records. In support thereof, Ms.

Arslanian states as follows:

**I.    BACKGROUND.**

1.    Verizon Wireless ("Verizon") was served with the Subpoena related to a matter

currently pending in the United States District Court for the District of Maryland, captioned as

*Team Cam, LLC v. Reliable Contracting Company, Inc., et al.*, Civil Action No. 8:24-cv-1545

(the "Underlying Action). Ms. Arslanian moves to quash or, in the alternative, for a protective

order in the United States District for the District of Columbia pursuant to Fed. R. Civ. P.

45(d)(3).as this District is where compliance is required under the Subpoena.

2.    Plaintiff, Team Cam, LLC ("Team Cam" or "Plaintiff") issued the Subpoena to

Verizon, a nonparty in the Underlying Action. Kelly Arslanian is the Chief Financial Officer for

Reliable Contracting Company, Inc. ("Reliable") which is a Defendant in the Underlying Action.

Ms. Arslanian is not a party to the Underlying Action.

3.      In the Underlying Action, Plaintiff alleges that Reliable forced Plaintiff out of an alleged asphalt paving market in Maryland. It alleges Reliable accomplished this by conspiring with other Defendants to price-fix the cost of asphalt in a concerted effort to destroy Plaintiff's ability to complete asphalt paving projects, thus eliminating a competitor in the market.

4.      Ms. Arslanian is the Chief Financial Officer ("CFO") of Reliable, a role she has held since October 18, 2021. The phone records sought by the subpoena are those of her personal cell phone. Ms. Arslanian does not use or possess a company-issued cell phone. She does not routinely use her personal cell phone for business purposes. In her role as Reliable's CFO, she did not interact with Plaintiff regarding the sale of asphalt nor did her job responsibilities include r managing, tracking, or facilitating the sale of asphalt. Ms. Arslanian did not and does not interact with any other Defendants in the Underlying Matter regarding the sale of asphalt, asphalt paving projects, or the alleged asphalt paving market in Maryland.

5.      The Subpoena indiscriminately seeks "any and all" subscriber information and detail records for every call and text message sent or received for the time period of January 1, 2019 to the present for fifteen (15) cell phone numbers, including Ms. Arslanian's.

6.      The Subpoena improperly requests *all* call and text message detail logs for a nearly seven-year period, including an 18-month period prior to Ms. Arslanian's employment with Reliable. The Subpoena is overbroad and should be quashed as a result.

7.      Alternatively, the call and text message history for Ms. Arslanian's personal cell phone will not be helpful in resolving the alleged claims or defenses in the Underlying Case, are irrelevant and not proportional to the needs of the case, and a protective order should be issued as a result.

## II.    ARGUMENT

### A.  The Subpoena is Overbroad and Should be Quashed as a Result.

8.      Federal Rule of Civil Procedure 45 provides the framework for obtaining documents or information by subpoena. Fed. R. Civ. P 45(a)-(b). Courts may quash or modify a subpoena that would require "disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a). Under Rule 45, courts may consider not only  the interests of the subpoena recipient but those of any person. *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 190 (4th Cir. 2019). "[A] burden arises when a subpoena is overbroad – this is, when it seeks information beyond what the requesting party reasonable requires." *Id.*; *see also In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008).

9.      Ms. Arslanian has standing to challenge the Subpoena because she has a personal interest in the call and the text message records as they are her personal communications. *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005), *on reconsideration*, 232 F.R.D. 6 (D.D.C. 2005) (A party has standing to challenge a subpoena issued to a third-party where the party seeking to quash the subpoena has a personal interest in the subpoenaed information.).

10.      Ms. Arslanian has been the CFO of Reliable since October 18, 2021. In her role, she does not possess or use a company issued cell phone.  Ms. Arslanian does not routinely provide her personal cell phone number to persons at Reliable or to third-parties for purposes of conducting business related to her position at Reliable. In her role as Reliable's CFO, she did not interact with Plaintiff regarding the sale of asphalt nor was she responsible for managing, tracking, or facilitating the sale of asphalt. There are no allegations in the Complaint that refer to Ms. Arslanian or implicate her in any way.  Further, in her role with Reliable, Ms. Arslanian

does not interact with any of the other Defendants in the Underlying Matter regarding the sale of asphalt, asphalt paving projects, or the alleged asphalt paving market in Maryland.

11.     The Subpoena is overbroad many times over. First, because it seeks records of Ms. Arslanian's calls and text messages for the 18-month period prior to her employment with Reliable (and, for a 22-month period before Ms. Arslanian occupied the position of CFO). Second, it seeks records of Ms. Arslanian's calls and text messages despite the fact that Ms. Arslanian's role does not involve the marketing, managing, or facilitating the sale of asphalt that are at the heart of Plaintiff's claims. Finally, it seeks personal communications records despite the fact that Ms. Arslanian did not routinely use her personal device for business purposes. Seeking personal communications information, for a time period prior to her employment, when her role is not related to the claims at issue goes beyond what Plaintiff reasonably requires, is therefore overbroad, and the Subpoena should be quashed as a result.

**B. The Subpoena Seeks Irrelevant Information that is Not Proportional to the Needs of the Case and this Court Should Issue a Protective Order as a Result.**

12.     A person may move for a protective order under Federal Rule of Civil Procedure 26(c) and a court may grant such a motion "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. *Achte/Neunte Bill Kino Beteiligungs GMBH & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 214 (D.D.C. 2010). In analyzing a motion for a protective order under Rule 26(c), courts weigh the "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (internal citations omitted).

13.     Ms. Arslanian has standing to challenge the Subpoena under Federal Rule of Civil Procedure 26(c). *See In re Verizon Wireless*, No. 8:19-cv-01744-TDC, 2019 WL 4415538, at *6

(D. Md. Sept. 16, 2019) (finding that petitioners, including nonparties to the Underlying Action, have standing to challenge a third-party subpoena for purposes of obtaining a protective order); *see also Arndt v. Ford Motor Co.*, No. 2:15-cv-11108, 2016 WL 1161444, at *2 (E.D. Mich. Mar. 24, 2016); *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (collecting cases stating that parties can challenge subpoenas under Rule 26 regardless of whether they have standing to bring a motion to quash under Rule 45).

14.    Although Rule 45 does not establish a requirement of relevancy, "it is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure." *Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011); *see also Cook v. Howard*, 484 Fed. App'x 805, 812 (4th Cir. 2012) (per curiam). "Relevance is thus the foundation for any request for production, regardless of the individual to whom the request is made." *Id.*

15.    A subpoena does not satisfy the proportionality concerns when the proposed discovery outweighs its likely benefit. *See In re Verizon Wireless*, 2019 WL 4415538, at *6 (granting a protective order enjoining respondents from seeking three years of personal cell phone logs in hopes of drawing connections between known and unknown phone numbers "to make inferential leaps to support the claims of conspiratorial acts[.]").

16.    Despite this, Plaintiff seeks nearly seven years of personal cell phone data without any good faith basis to believe that the logs of Ms. Arslanian's personal communications are at all relevant to its claims or Reliable's defenses. As explained above, the Subpoena is irrelevant and overbroad insofar as it seeks logs of personal communications for the time period before Ms. Arslanian was employed as CFO by Reliable. To the extent that Plaintiff seeks communications *during* her period of employment as CFO, such records are irrelevant because Ms. Arslanian's role does not relate to marketing, managing, or facilitating the sale of asphalt that is at the heart

of Plaintiff's claims nor does it involve interacting with any other Defendants in the Underlying Action about the sale of asphalt, asphalt paving projects, or the alleged asphalt paving market in Maryland.

17.    Most importantly, Ms. Arslanian does not routinely conduct business via her personal cell phone. To the extent there may be an occasional, errant provision of her cell phone number related to a business purpose, such a rare occurrence is insufficient to establish that the proposed discovery of every single number she called, or that called her, or that she texted, or from which she received text messages, does not outweigh its benefit. Indeed, "the benefit remaining is no more than residue considering the issues in the case." *In re Verizon Wireless*, 2019 WL 4415538, at *6.

18.    Because the Subpoena is overbroad, seeks irrelevant information, and is not proportional to the needs of the case, "[t]his angle of discovery is no more than a 21st century version of Pandora's Box" and it is appropriate for this Court to issue a protective order enjoining Plaintiff from seeking information relating to Ms. Arslanian's personal communications. *Id.*

19.    Counsel for Ms. Arslanian and for Reliable engaged with counsel for Plaintiff on multiple occasions seeking to remove Ms. Arslanian's number from the list in the subpoena or to modify its scope. Ms. Arslanian and Plaintiff have been unable to reach an agreement with regard to the scope of the Subpoena..

## III.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Ms. Arslanian respectfully requests that the Court quash the Subpoena, or in the alternative, enter a protective order preventing disclosure of her phone and text records.

Date:  <u>August 13, 2025</u>                                    <u>        *s/ Katherine I. Funk*        </u>
Katherine I. Funk (Bar No. 448587)
Christopher C. Dahl
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
901 K Street NW, Suite 900
Washington, D.C. 20001
Tel.: 202-508-3492
Email: kfunk@bakerdonelson.com
Email: cdahl@bakerdonelson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, I caused the foregoing to be electronically filed and served via postage prepaid U.S. mail on:

KRESSIN POWERS LLC
Brandon C. Kressin, Esq.
Richard A. Powers, Esq.
Aaron M. Teitelbaum, Esq.
Zachary C. Martin, Esq.
400 7th St. NW, Suite 300
Washington DC 20004
Telephone: (202) 464-2905
Fax: (202) 998-9319
brandon@kressinpowers.com
richard@kressinpowers.com
aaron@kressinpowers.com
zach@kressinpowers.com
patrick@kressinpowers.com

                                        *s/ Katherine I. Funk*
                                        Katherine I. Funk